■ In the Matter of KATHRYN A. KENT, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [716 NYS2d 777] —Per Curiam. Respondent was admitted to practice by this Court in 1995. She is currently suspended from practice for failure to comply with the attorney registration requirements (*see, Matter of Attorneys in Violation of Judiciary Law § 468-a*, 273 AD2d 600 [June 15, 2000]). She recently maintained an office for the practice of law in Vermont, where she was admitted to practice in 1996.

By decision of the State of Vermont Professional Conduct Board dated May 30, 2000, respondent was suspended from practice in that State for a period of two years. The decision found that respondent failed to respond to a request from the Vermont Office of Bar Counsel, failed to provide that office and the Vermont Board of Bar Examiners with a current address, abandoned a client and failed to return his file to him or his new attorney, and failed to take reasonable steps to protect a client's interests prior to effectively withdrawing from representation by abandoning the client and neglecting a legal matter entrusted to respondent.

We now grant petitioner's motion to reciprocally suspend respondent pursuant to this Court's rules (see, 22 NYCRR 806.19) and determine that respondent should be suspended from practice in this State for a period of two years, effective immediately.

Mercure, J. P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of her suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and she is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent may apply for reinstatement only upon furnishing satisfactory proof that she has been reinstated as an attorney in Vermont and that she has complied with the attorney registration requirements (see, Judiciary Law § 468-a; 22 NYCRR part 118), and upon the showing required by this Court's rules (see, 22 NYCRR 806.12 [b]); and it is further ordered that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.